**JUDICIAL WATCH, INC.**

v.

**Charles O. ROSSOTTI, et al.**

**No. Civ.A. WMN–01–2672.**

United States District Court, D. Maryland.

April 21, 2002.

David Barmak, Joanne B. Jarquin, Mintz Levin Cohen Ferris Glovsky and Popeo PC, Reston, VA, for Plaintiff.

Stuart D. Gibson, United States Department of Justice, Washington, DC, for Defendants.

## ORDER

NICKERSON, District Judge.

On March 27, 2002, this Court issued a Memorandum and Order dismissing all claims against individual Defendants Rossotti, Dorsey, Breslan, Hampel and Miller. Still pending in this matter are Plaintiff's other, independent claims against the institutional Defendants: the Department of Treasury and the Internal Revenue Service.[1] Plaintiff now moves this Court to direct entry of a final judgment against the individual Defendants, pursuant to Fed. R.Civ.P. 54(b), which allows for the entry of final judgment on adjudicated claims, notwithstanding the pendency of other claims. Defendants consent to the motion.

A district court may direct the entry of a final judgment under Rule 54(b) if there is no just reason for delay and if there has been "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *see also Braswell Shipyards, Inc. v. Beazer East, Inc.,* 2 F.3d 1331, 1335 (4th Cir. 1993). In the present case, all claims against the individual Defendants were disposed of in the Order dated March 27, 2002. The remaining claims against the institutional Defendants state a different cause of action and appear to be separate and distinct from the adjudicated claims. Furthermore, Plaintiff has already filed an appeal of another issue decided in the March 27 Memorandum and Order, namely, this Court's denial of Plaintiff's Motion to Stay or Enjoin Enforcement of Administrative Summons. Judicial economy would be best served by allowing Plaintiff to appeal the claims against the individual Defendants at the same time.[2]

Having found that the conditions of Fed. R.Civ.P. 54(b) have been met as to the claims against the individual Defendants, this Court will grant Plaintiff's motion. Accordingly, IT IS this day of April, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiff's Consent Motion to Direct Entry of a Final Judgment Pursuant to Rule 54(b), Paper No. 33, is hereby GRANTED;

2. That this Court's Order dated March 27, 2002, granting the Motion to Dismiss Counts I, II, and III of the Amended Complaint as to Defendants Rossotti, Dorsey, Breslan, Hampel and Miller, is a FINAL JUDGMENT;

---

**1.** The claims against the individual Defendants alleged violations of Plaintiff's rights under the First and Fifth Amendments to the United States Constitution; the claims against the institutional Defendants assert violations of the Freedom of Information Act.

**2.** Plaintiff's claims against the individual Defendants share several legal issues in common with Plaintiff's request for relief as to the administrative summons.

3. That final judgment be and hereby is ENTERED in favor of Defendants Rossotti, Dorsey, Breslan, Hampel and Miller on all claims against them; and

4. That the Clerk of the Court shall mail or transmit copies of this Memorandum and Order to all counsel of record.